**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**DEIVY MAURICIO AVILA RUIZ,**

    Petitioner,

     v.                                  Civil No. **3:26CV257 (RCY)**

**WARDEN, FARMVILLE DETENTION CENTER,**

    Respondent.

### MEMORANDUM OPINION

Deivy Mauricio Avila Ruiz ("Petitioner"), proceeding *pro se*, is an alien who is present in the United States without admission. He filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition," ECF No. 1), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE"). Petitioner alleges, *inter alia*, that Respondent's application of 8 U.S.C. 1225(b) to mandate his detention violates the Immigration and Nationality Act. ECF No. 1, at 6–7.[1] Respondent filed an Opposition. ECF No. 5. Petitioner has filed several responses. ECF Nos. 6–8. For the reasons set forth below, the § 2241 Petition will be DISMISSED AS MOOT.

### I.  BACKGROUND

Petitioner provides very little information in his § 2241 Petition. The following background information is necessarily taken from the submissions filed by Respondent. *See* ECF No. 5-1. Respondent explains as follows:

> 5.  Petitioner is currently a 36-year old native and citizen of Colombia.
> 6. On September 1, 2022, United States Border Patrol ("USBP") encountered Petitioner in or near Yuma Arizona. USBP determined Petitioner had unlawfully entered the United States from Mexico without being admitted or paroled by an immigration officer. Petitioner was paroled from detention with an

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system.

I-94 document and enrolled in the Alternative to Detention ("ATD") program.  His parole was valid until November 1, 2022.

7.  On July 9, 2025, Petitioner was arrested by New York Police Department for the following offenses: Forcible Touching – Touch Sexual/Intimate Parts of Another Person and Sexual Abuse – 3rd, Subject Another Person to Sex Contact Without Consent.

8.  On November 12, 2025, Petitioner reported to the ICE/ERO New York Field Office and was taken into ICE custody for processing and custody redetermination.

9.  On the same date, Petitioner was issued a Notice to Appear ("NTA") that charged him with being inadmissible to the United States (and thus removable from the United States) under 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at a place other than designated by the Attorney General.

10.  On December 16, 2025, Petitioner filed Form I-589, Application for Asylum, Withholding of Removal, and withholding under the Convention Against Torture ("I-589").

11.  On December 18, 2025, Petitioner appeared virtually in the Annandale, Virginia Immigration Court with counsel for an initial Master Calendar Hearing ("MCH").  Petitioner admitted the allegation and conceded the charges contained in the NTA.

12.  On January 8, 2026, Petitioner was ordered removed to Colombia after an Immigration Judge determined that he did not establish prima facie eligibility for relief.

13. On January 27, 2026, Petitioner's request for custody redetermination/ bond was denied by an Immigration Judge for lack of jurisdiction, as well as because the respondent is a danger to the community.

14.  On March 9, 2026, Petitioner filed a Corrected Notice of Appeal of his order of removal with the Board of Immigration Appeals ("Board").  This appeal is still pending.

15.  On April 3, 2026, Petitioner filed a Bond Appeal of the Immigration Judge's January 27, 2026 order denying bond.

16.  On April 7, 2026, Petitioner's second request for custody redetermination/bond was denied by an Immigration Judge for lack of jurisdiction.

*Id.* ¶¶ 5–16 (spelling corrected).

On April 2, 2026, Petitioner filed his § 2241 Petition claiming that he has been improperly denied a bond hearing and was not subject to mandatory detention.  ECF No. 1, at 6.  Petitioner contends that he has no criminal convictions, he has family ties in the United States, he has complied with all immigration proceedings and requirements and argues that his continued

detention is not necessary. *Id.* at 7. Petitioner asks the Court to order "an immediate bond hearing" or in the alternative his "immediate release under reasonable conditions of supervision." *Id.* at 8.

On May 8, 2026, Respondent filed an Opposition stating that an Immigration Judge conducted a bond hearing on January 27, 2026, and determined that Petitioner was "a danger to the community." ECF No. 5, at 2 (citation omitted). Respondent explained that Petitioner also filed an appeal of that decision before the Board of Immigration Appeals and that appeal remains pending. *Id.* (citation omitted). Respondent argues that the § 2241 Petition should be dismissed as moot because it "is an attempt to obtain from this Court relief that [Petitioner] was already provided; a discretionary bond hearing." *Id.* (citations omitted). Based on Respondent's arguments, it is appropriate to review the § 2241 Petition under Federal Rule of Civil Procedure 12(b)(1).

## II. STANDARD OF REVIEW

In a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) challenging the Court's subject matter jurisdiction, the burden rests with the petitioner, as the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may attack the petition on its face, asserting that the petition fails to state a claim upon which subject matter jurisdiction can lie. *See id.* (citing *Adams*, 697 F.2d at 1219).

Alternatively, a Rule 12(b)(1) motion may challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp.

3

at 1338; *see also Adams*, 697 F.2d at 1219.  In such a case, "the district court may then go beyond the allegations of the [petition] and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits."  *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 348 (4th Cir. 2009) (citations omitted).  Consideration of evidence outside of the pleadings on a Rule 12(b)(1) motion does not necessarily convert the motion to one for summary judgment.  *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citation omitted); *McBurney v. Cuccinelli*, 616 F.3d 393, 409 (4th Cir. 2010) (Agee, J., concurring in part and dissenting in part) (discussing that motions under Rule 12(b)(1) are not restricted by Rule 12(d)).  However, "[t]he district court should grant the Rule 12(b)(1) motion to dismiss 'only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.'"  *Evans*, 166 F.3d at 647 (citation omitted).

The Court must dismiss an action if it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

### III.    ANALYSIS

Article III of the Constitution limits the scope of federal court jurisdiction to "cases" and "controversies."  U.S. Const. art. III, § 2.  "[R]ipeness, along with standing, mootness, and political question," are "doctrines that cluster about Article III" of the United States Constitution.  *S.C. Citizens for Life, Inc. v. Krawcheck*, 301 F. App'x 218, 220 (4th Cir. 2008) (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)).  With respect to mootness, "a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Powell v. McCormack*, 395 U.S. 486, 496 (1969) (citation omitted).  Further, "[i]f intervening factual or legal events effectively dispel the case or controversy during pendency of the suit, [a] federal court[] [is] powerless to decide the questions presented."  *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983).

Here, Petitioner has already received the relief sought in the § 2241 Petition.  Petitioner requested "an immediate bond hearing" or in the alternative his "immediate release under reasonable conditions of supervision." ECF No. 1, at 8.  On January 27, 2026, "Petitioner's request for custody redetermination/bond was denied by an Immigration Judge for lack of jurisdiction, as well as because the respondent [was] a danger to the community." ECF No. 5-1, at 1.  Then, on April 7, 2026, "Petitioner's second request for custody redetermination/bond was denied by an Immigration Judge for lack of jurisdiction." *Id.* at 2.  Therefore, there is no live case or controversy remaining.  *See Simpson v. Hoover*, No. 3:17-cv-00768-JAG-RCY, 2018 WL 3040017, at *2 (E.D. Va. June 19, 2018) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed." (quoting *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983))).  The bond hearings rendered his § 2241 Petition moot.  Accordingly, Petitioner's § 2241 Petition will be DISMISSED AS MOOT.

## IV.  CONCLUSION

The § 2241 Petition and the action will be DISMISSED AS MOOT.  Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 8) will be DENIED.

An appropriate Final Order will issue.

_____/s/_____

Roderick C. Young
United States District Judge

Dated:  August 7, 2026
Richmond, Virginia

5